Crystal Bergstrom
Judicial Judgment Enforcement Services
30100 Town Center Drive, #O-108
Laguna Niguel, CA 92677
Telephone: 949.499.9952
Facsimile: 949.415.5585
E-mail: cbergstrom@judicialenforcement.com
Creditor/Party in Interest

FILED
OCT 17 2019
UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

In re:

**CARLOS CAMPOS and
LETICIA CAMPOS**

Debtors

Case No.: 2:19-bk-11066-PS

Chapter: 13

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN AND REQUEST FOR DISMISSAL**

341(a) Meeting of Creditors Held:
   Date:    October 9, 2019
   Time:   11:00 a.m.
   Trustee: Russell Brown

Crystal Bergstrom, dba Judicial Judgment Enforcement Services, an unsecured creditor in the above-entitled bankruptcy proceeding, ("Creditor") objects to confirmation of the Chapter 13 Plan proposed by Carlos Campos and Leticia Campos ("Debtors") on grounds that: (i) the Debtors are over the debt limits imposed by 11 USCS §109(e); (ii) their proposed Chapter 13 plan is not feasible because they have no income with which to support the plan; and (iii) the Debtors failed to comply with 11 USCS §521(e)(2)(A)(ii), the penalty for which is dismissal.

**JURISDICTION**

The Court has subject matter jurisdiction over this proceeding pursuant to 28 USCS § 157(a). It is a core proceeding under 28 USCS § 157(b). Venue is proper per 28 USCS § 1408.

## RELEVANT FACTS AND PROCEDURAL HISTORY

**The Debt.** Debtors Carlos and Leticia Campos ("Debtors" or "Campos'") filed a Voluntary Petition commencing their Chapter 13 bankruptcy case on August 30, 2019. The Debtors scheduled assets of $11,210.00 and the following noncontingent, liquidated, unsecured liabilities totaling $484,292.34:

| Creditor/Unsecured Debt | Carlos | Leticia |
|---|---|---|
| California Franchise Tax Board | $76,000.00 | $76,000.00 |
| Internal Revenue Service (2009) | 3,089.05 | 3,089.05 |
| Internal Revenue Service (2010) | 45,466.00 | 45,466.00 |
| Internal Revenue Service (2011) | 4,208.42 | 4,208.42 |
| Internal Revenue Service (2012) | 47,101.87 | 47,101.87 |
| Internal Revenue Service (2013) | 82,305.00 | 82,305.00 |
| Internal Revenue Service (2014) | 84,471.00 | 84,471.00 |
| Internal Revenue Service (2015) | 8,440.00 | 8,440.00 |
| American Express | 3,375.00 | |
| ARS Account Resolution | 462.00 | |
| Baker Recovery Service | 1,044.00 | |
| Barclays Bank Delaware | | 3,468.00 |
| Capital One | 5,000.00 | 5,000.00 |
| Capital One Bank USA, N.A. | 2,433.00 | |
| Capital One Bank USA, N.A. | 405.00 | |
| Credit One | 1,500.00 | 1,500.00 |
| Credit One Bank, N.A. | 1,415.00 | |
| Credit One Bank, N.A. | | 1,345.00 |
| Judicial Judgment Enforcement Services | 105,827.00 | 105,827.00 |
| Enhanced Recovery Co | | 3,088.00 |
| Merrick Bank Corp | 1,600.00 | |
| Nordstrom | 400.00 | 400.00 |
| Nordstrom | 1,813.00 | |
| | $476,355.34 | $471,709.34 |
| | | $484,292.34 |

[ECF No. 1 at p. 21-29].

**The Income.** Neither debtor is employed. Together, they earn a monthly income of $00.00 and incur monthly expenses of $00.00. [ECF No: 1 at p. 10, 32-35]. The Campos' do not expect an increase or decrease in their expenses in the coming year. [*Id.*, at p. 35].

**The Plan.** The Debtors filed their Chapter 13 Plan on August 30, 2019. The plan proposes to pay the Trustee $400 each month for 60 months. The sum of these payments – $24,000.00 – allows for $2,400.00 in Trustee's commissions, $3,990.12 to be paid to their (only) secured creditor, $8,440.00 to the portion of the debt owed to the IRS which carries a priority designation, and the remaining $9,076.81 to unsecured creditors. [ECF No.: 2].

**The Tax Returns.** Creditor received notice of the Campos' bankruptcy case through the Bankruptcy Noticing Center on September 4, 2019. [ECF No.: 6]. On September 11, 2019, Creditor served Debtors with a request for a copy of their tax returns pursuant to 11 USCS §521(e)(2)(A)(ii). [ECF No.: 12]. The Debtors did not comply.

## LEGAL ANALYSIS

### A. The Campos' are Ineligible to be Chapter 13 Debtors.

Section 109(e) of the bankruptcy code designates who is eligible to be a Chapter 13 debtor. That paragraph holds, in relevant part that: "[o]nly an individual <u>with regular income</u> that owes, on the date of the filing of the petition, <u>noncontingent, liquidated, unsecured debts of less than $419,275.00</u> and noncontingent, liquidated, secured debts of less than $1,184,200 . . . may be a debtor under Chapter 13 of this title." 11 USCS § 109(e). Eligibility for Chapter 13 relief is determined by examining debtor's schedules. *Scovis v. Henrichsen (In re Scovis),* 249 F.3d 975, 982 (9th Cir. 2001) following *In re Pearson,* 773 F.2d 751. (6th Cir. 1985).

The Campos' attested that <u>none</u> of their scheduled claims are contingent, unliquidated, or in dispute. According to the schedules they presented to the Court on August 30, 2019, Carlos owes $476,355.34 and Leticia owes $471,709.34. Together, their debt is $484,292.34. Separate or together, the Campos' debt exceeds the statutory limit of $419,275.00. Not only may their plan not be confirmed, their case must be dismissed or converted.

### B. The Campos' Have No Income With Which to Fund their Proposed Plan.

Confirmation of a Chapter 13 plan is governed primarily by 11 USCS § 1325(a) including, as material to this contested matter, the requirement that "the debtor will be able to make all payments under the plan and to comply with the plan[.]" 11 USCS § 1325(a)(6). Feasibility requires the debtor to demonstrate to the court's satisfaction that after taking all circumstances

into consideration, there is a reasonable likelihood that they will make all plan payments. In this case, feasibility of the Debtors' plan hinges on $400 mysteriously appearing each month.

When a plan payment is constant each month and employment is stable, the bankruptcy debtor's actual payment performance prior to confirmation is taken as a strong indicator of feasibility. Where, as here, the Debtors have ZERO income, their plan to remit $400 per month over a sixty (60) month period is not only destined to fail, it is not confirmable.

### C. Failure to Comply with 11 USCS §521(e) Requires Dismissal.

Not later than seven days before the date first set for the first meeting of creditors, Debtors are required to provide the trustee, and any creditor who timely requests it, a copy of their Federal income tax return (or a transcript) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed. 11 USCS §521(e)(2)(A)(i), (ii). If the debtor fails to do so, the court *shall* dismiss the case unless the debtor demonstrates that the failure to comply is due to circumstances beyond the control of the debtor. 11 USCS §521(e)(2)(B). The Campos' filed for bankruptcy protection on Friday, August 30, 2019. Creditor received notice on September 4, 2019. Six days later, Creditor requested a copy of the Campos' tax return(s). The Meeting of Creditors was set for October 9, 2019. The debtors had three full weeks to timely produce the required documents or explain that their failure to do so was due to circumstances beyond their control. They did neither. Unless a debtor was able to establish that their failure to comply was due to circumstances beyond their control, the court *shall* dismiss the case for failure to comply with 11 USCS § 521(e)(2)(A). *In re Norton*, 347 B.R. 291 (BC ED Tenn 2006).

### CONCLUSION

Based on the foregoing, Creditor respectfully requests that confirmation of the Chapter 13 Plan proposed by the debtors be denied and their case be dismissed.

Dated: October 15, 2019

Crystal Bergstrom
Judicial Judgment Enforcement Services
Creditor/Party in Interest

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 30100 Town Center Drive, Laguna Niguel, CA 92677.

On October 15, 2019, I served the foregoing document(s) described as OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN AND REQUEST FOR DISMISSAL on the interested parties at the address provided to this court in this action by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at Laguna Niguel, California, addressed as set forth below.

Debtors
Carlos Campos
2000 S. Apache Road
Buckeye, AZ 85326

Leticia Campos
2000 S. Apache Road
Buckeye, AZ 85326

U.S. Trustee
Office of the U.S. Trustee
230 N. 1st Avenue, Suite 204
Phoenix, AZ 85003

Attorney for the Debtors
Nathan E. Carr
Carr Law, PC
4700 S. McClintock Drive, Suite 130
Tempe, AZ 85282

Bankruptcy Trustee
Russell Brown
Chapter 13 Trustee
3838 North Central Avenue, Suite 800
Phoenix, AZ 85012

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at Laguna Niguel, California on October 15, 2019.

C. Olson